IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER M. EASTON,

       Plaintiff,                          No. CIV S-06-0206 LKK GGH P

    vs.

SOLANO COUNTY JAIL, et al.,

       Defendants.                 ORDER

_____/

        Plaintiff is a prisoner proceeding pro se.  She seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $17.66 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

Named as defendants are the housing floor officer at the Solano County Jail and the Solano County Jail. Plaintiff alleges that On December 14, 2005, she was placed in a housing unit which had human feces smeared across every wall. Plaintiff's request for cleaning supplies was denied. As relief, plaintiff seeks monetary damages.

Clearly, plaintiff's claims, if proven, would constitute a violation of the Eighth Amendment. However, plaintiff must frame her complaint in terms of what is acceptable under the law. The court will relate to plaintiff the deficiencies in the complaint, and give her an opportunity to rectify these deficiencies. "Liability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by itse lawmakers of by those whose edicts or acts may fairly be said to represent official policy.'" Ulrich v. City and County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002) (quoting Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, (1978)).

Plaintiff does not allege that the conditions of her housing unit were caused by a Solano County Jail policy. For that reason, the court finds that plaintiff has failed to state a colorable claim for relief against this defendant. Accordingly, the claims against this defendant are dismissed with leave to amend.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1 omits to perform an act which he is legally required to do that causes the deprivation of which
2 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3     Moreover, supervisory personnel are generally not liable under § 1983 for the
4 actions of their employees under a theory of respondeat superior and, therefore, when a named
5 defendant holds a supervisorial position, the causal link between him and the claimed
6 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
7 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
8 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
9 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
10 Cir. 1982).

11     Plaintiff has not linked defendant housing floor officer to the alleged deprivation.
12 For example, plaintiff does not allege that this defendant refused her request for cleaning
13 supplies.  Accordingly, the claims against this defendant are dismissed with leave to amend.

14     Were plaintiff to state a colorable claim against defendant housing floor officer, it
15 is unlikely that the court could order service of this defendant.  Plaintiff would have to provide
16 more specific information identifying this defendant, such as his or her name, in order for service
17 to occur.

18     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
19 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
20 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
21 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
22 there is some affirmative link or connection between a defendant's actions and the claimed
23 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
24 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
25 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
26 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $17.66. All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 4/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
eas206.b